## CARNEY v. CARNEY.

FRAUDULENT CONVEYANCE. *Evidence.* As a general rule, the declaration of a party, made after he has parted with his interest in the subject matter of litigation, cannot be received to disparage the title or right of a party acquired in good faith previous to the time of making such declarations. But this very just and reasonable principle must be taken as inapplicable to cases of fraudulent sales of property. If, for example, a conveyance is made, absolute on its face, and the vendor continues to retain possession of the property as before, this being *prima facie* evidence of fraud, a creditor impeaching such conveyance

Carney *v.* Carney.

on the ground of fraud, may be admitted to prove the declarations of the vendor thus retaining the possession, in relation to the ownership, or the character of his possessions of the property.

Cases cited: Carnahan *v.* Wood, 2 Swan, 502; Trotter *v.* Watson, 6 Hum., 509; Neal *v.* Peden, 1 Head, 546.

## FROM FAYETTE.

Appeal from the Chancery Court. HENRY J. LIVINGSTON, Chancellor.

H. C. MOOREMAN for complainant.

CALVIN JONES for defendant.

FREEMAN, J., delivered the opinion of the Court.

The only question in this case is, whether the conveyance of four hundred acres of land by direction of Sanders R. Carney (the father) to P. D. Carney, his son, is fraudulent or *bona fide.* The other questions were settled by the decree below, and an appeal only taken by P. D. Carney from so much of the decree of the Chancellor as declared the transfer of the tract of land void.

The proof shows the father to have been hopelessly involved in debt in January, 1866, when the transfer was made; that he held the title bond of Judge Jones for a tract of land of six hundred or six hundred and forty acres, which was paid for or nearly so, on which he at the time resided, this being all the land he owned; that on the same day he conveyed the entire tract to this and another son, thereby

depriving himself of a home for his wife and a younger child. It further shows that he continued to live on the place and manage it about as before the transfer, the defendant, P. D. Carney, taking about enough control of the matter as would serve as a blind and give the semblance of ownership. This occupation continued until 1870, when, owing to a difference between him and the son, he left and went to another son's to live.

It is shown in addition to these facts, that P. D. Carney, at the time of the transfer, was about twenty-two years old, had returned from the army in April or May, 1865, had no means, no property, and as far as we can see, unable to pay the consideration alleged to have been paid, to-wit, $4,000.

His account of the payment is contradictory and exceedingly unsatisfactory. He claims as one means of making the payment, that his mother gave him $2,000, when it is not shown she had any separate estate or means of her own of any kind.

If this money was ever so given, (which we very much doubt), it was certainly the money of the father, and we think handed over merely for the purpose of cloaking the fraudulent transaction.

Taking these facts alone the Chancellors decree would have a very substantial basis on which to rest.

But the admissions and statements of the father are proven, showing conclusively the fact that the conveyance was made for the purpose of evading the payment of his debts, and to secure the land as a home from the wreck of his property. These admissions

were made after the conveyance, but while the father was in possession of the property conveyed.

It is insisted they are not competent as against the defendant.

The question has been settled by several cases in this court. The rule is correctly stated in the case of *Carnahan* v. *Wood*, 2 Swan, 502, as follows: "It is true, in general, that the declaration of a party made after he has parted with his interest in the subject matter of litigation, cannot be received to disparage the title or right of a party acquired in good faith previous to the time of making such declarations. But this very just and reasonable principle must be taken as inapplicable to cases of fraudulent sales of property. If, for example, a conveyance is made, absolute on its face, and the vendor continues to retain possession of the property as before, this being *prima facie* evidence of fraud, a creditor impeaching such conveyance on the ground of fraud may be admitted to prove the declarations of the vendor, thus retaining the possession, in relation to the ownership or the character of his possession of the property." See also *Trotter* v. *Watson*, 6 Hum., 509; *Neal* v. *Peden*, 1 Head, 546.

This testimony being competent, the case is most conclusively made out, and the Chancellor's decree must be affirmed, with the modification that P. D. Carney be taxed only with the costs incident to the contest about this land in the court below, and all the costs of this court.